## MACEY CO. v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department.   May 5, 1911.)

1. DAMAGES (§ 78*)—LIQUIDATED DAMAGES—BREACH OF CONTRACT.
    Plaintiff contracted with defendant to erect cases for exhibits in an art institute for the sum of $7,245; the contract requiring the work to be completely performed within 120 consecutive working days, and that for every day its completion was delayed beyond that time plaintiff should pay $10 "as liquidated damages," if caused by his act or omission. Held, that the $10 a day was liquidated damages, and not a penalty.
    [Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 157–163; Dec. Dig. § 78.*]

2. CONTRACTS (§ 305*)—CONSTRUCTION—TIME OF PERFORMANCE—WAIVER.
    Where a contract for the erection of exhibit cases for defendant city provided that the city might deduct and retain the stipulated amount of liquidated damages for delay from the money due the contractor, but that the doing and acceptance of any part of the work called for by the contract should not be deemed a waiver of the right to enforce the provision of the agreement, and that the city should pay the whole of the money accruing to the contractor within a certain time after acceptance of the contract, except such sums as might be lawfully retained, the city, by permitting the contractor to continue the work after time for completion had expired, did not waive the contract requirement as to the time of performance.
    [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1398, 1399, 1467–1475; Dec. Dig. § 305.*]

Appeal from Trial Term, New York County.

Action by the Macey Company against the City of New York. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
    129 N.Y.S.—16

Burt D. Whedon, for appellant.
Terence Farley, for respondent.

McLAUGHLIN, J. The plaintiff entered into a written contract with the defendant to furnish and erect certain cases for exhibits in the Brooklyn Institute of Arts & Sciences, for which the defendant agreed to pay the sum of $7,245. The contract provided that it should be completely performed by the plaintiff within 120 consecutive working days, and for every day that the completion should be delayed beyond the 120 days plaintiff should pay $10 as liquidated damages, provided the delay were caused by the plaintiff's act or omission. Whether or not there were such a delay the contract provided was to be determined by the commissioner of parks, whose decision upon that subject was to be binding and conclusive upon the plaintiff. The plaintiff completed the performance long after the time fixed in the contract, and the commissioner of parks determined and certified that there was a delay of 95 days, due to the fault of the plaintiff. The city thereupon paid the contract price, less $950, liquidated damages stipulated in the contract, to recover which this action was brought. The complaint was dismissed at the close of plaintiff's case, and it appeals.

[1] The provision in the contract as to $10 per day for each day's delay clearly provided for liquidated damages and not for a penalty, and the city was authorized to deduct the amount of such damage from the contract price. The contract expressly provided that:

"The city shall and may deduct and retain the amount of such liquidated damages out of the moneys which may be due or become due to the contractor under this agreement. * * * But neither * * * nor the doing and acceptance of any part of the work called for by the contract shall be deemed to be a waiver by the commissioner of the * * * right to enforce the provisions contained in this agreement. * * * The city will pay, and hereby binds itself to pay, to the contractor, in cash, on the expiration of thirty days from the time of the completion of the work and the acceptance of the same by the commissioner, the whole of the moneys accruing to the contractor under this agreement, excepting such sum or sums of money as may be lawfully retained under any of the provisions herein contained for that purpose."

The plaintiff concedes it has been paid the contract price, less the liquidated damages deducted. Such damages have been ascertained in the manner provided in the contract. The commissioner of parks has certified that there was a delay of 95 days, for which $950 should be deducted, and this is all that has been deducted.

[2] The appellant claims that the time within which the contract was to be performed was waived by the city, inasmuch as it was permitted to continue the work after the time for completion had expired. But the very object of inserting in the contract the provisions to which reference has been made was to obviate any question upon that subject. The plaintiff agreed to perform its contract within a certain time, and, if it did not, it would pay a certain amount of liquidated damages. The contract was deliberately entered into, and if it means anything, or if effect is to be given to it, then I am unable to see any reason why it should not pay the damages agreed upon. Such damages have been ascertained in the manner provided, and the certificate of the commissioner of parks is not attacked.

The contract which was considered in Deeves v. Manhattan Life Ins. Co., 195 N. Y. 324, 88 N. E. 395, the authority chiefly relied upon by the appellant, did not contain provisions similar to the one here under consideration. There the owner of the building was not authorized to deduct or withhold from the contract price the damages stipulated, and it was held that such damages had to be pleaded as a counterclaim, or else an independent action maintained to recover the same. Here the city was expressly authorized to deduct the liquidated damages from the contract price, and in clause W of the contract the city only agreed to pay the contract price, less "such sum or sums of money as may be lawfully retained under any of the provisions herein contained for that purpose."

The judgment is right, and should be affirmed, with costs. All concur.